UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ERICA B., [1]

                           Plaintiff,                           Case # 21-cv-06202-FPG

      v.                                                       DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,
                              Defendant.

_____

## INTRODUCTION

On November 5, 2014, Plaintiff Erica B. protectively applied for Disability Insurance Benefits Supplemental Social Security Income under Title II and Title XVI of the Social Security Act (the "Act"). Tr.[2] 195-224. The Social Security Administration (the "SSA") denied her claim and Plaintiff appeared and testified at a hearing before Administrative Law Judge Michael Devlin on March 2, 2017. Tr. 30-57. On May 5, 2017, the ALJ issued an unfavorable decision. Tr. 8-26. The Appeals Council denied Plaintiff's request for review on March 7, 2018, making the ALJ's decision the final decision of the SSA. Tr. 1. Plaintiff then appealed to the United States District Court for the Western District of New York and on October 4, 2019, the court vacated and remanded the case for further administrative proceedings. *Bomberry v. Saul*, No. 6:18-CV-6342, 2019 WL 4894103, at *1 (W.D.N.Y. Oct. 4, 2019). After a new hearing on remand, ALJ Devlin again issued an unfavorable decision on November 2, 2020. Tr. 1542-63. The ALJ's decision became final on January 1, 2021. Plaintiff appealed to this Court on March 2, 2021.[3] ECF No. 1.

Plaintiff and the Commissioner both moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 6, 7. For the reasons that follow, Plaintiff's

---

[1] In order to better protect personal and medical information of non-governmental parties, this Decision and Order will identify the plaintiff using only her first name and last initial in accordance with this Court's Standing Order issued November 18, 2020.

[2] "Tr." refers to the administrative record in this matter. ECF No. 6.

[3] The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

motion is GRANTED, the Commissioner's motion is DENIED, and the ALJ's decision is REMANDED to the Commissioner for further administrative proceedings.

## LEGAL STANDARD

### I.       District Court Review

When it reviews a final decision of the SSA, it is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998).  Rather, the Court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. §§ 405(g), 1383(c)(3)) (other citation omitted).  The Commissioner's decision is "conclusive" if it is supported by substantial evidence.  42 U.S.C. §§ 405(g), 1383(c)(3).  "Substantial evidence means more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted).

### II.      Disability Determination

To determine whether a claimant is disabled within the meaning of the Act, an ALJ follows a five-step sequential evaluation: the ALJ must determine (1) whether the claimant is engaged in substantial gainful work activity; (2) whether the claimant has any "severe" impairments that significantly restrict his or her ability to work; (3) whether the claimant's impairments meet or medically equal the criteria of any listed impairments in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and if they do not, what the claimant's residual functional capacity ("RFC") is; (4) whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work; and (5) whether the claimant's RFC permits him or her to perform alternative substantial gainful work which exists in the national economy in light of her age, education, and

work experience.  See *Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986); *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999); *see also* 20 C.F.R. § 404.1520.

## DISCUSSION

### I.      The ALJ's Decision

The ALJ analyzed Plaintiff's claim for benefits using the process described above.  At step one, the ALJ found that Plaintiff had engaged in substantial gainful activity in 2019. Tr. 1547-48. However, the ALJ proceeded to analyze Plaintiff's claims for benefits for the period preceding 2019 from the alleged onset date of March 17, 2014. *Id.*  At step two, the ALJ found that Plaintiff has several severe impairments, including degenerative disc disease in the lumbar spine. *Id.*  At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of one of the Listings.  Tr. 1548-49.  The ALJ determined that Plaintiff maintained the RFC to perform "sedentary work" except that Plaintiff could "occasionally lift and/or carry 10 pounds; frequently lift and/or carry less than 10 pounds; stand and/or walk up to two hours in an eight-hour day; sit about six hours in an eight-hour day." Tr. 1550.  In formulating the RFC, the ALJ considered the symptoms that Plaintiff alleged. The ALJ also evaluated the intensity, persistence and limiting effects of Plaintiff's symptoms.

At step four, the ALJ concluded that Plaintiff was able to perform any past relevant work. Tr. 1555. At step five, the ALJ concluded that there were jobs that existed in the economy that Plaintiff could perform.  Tr. 21556-57.  As such, the ALJ found that Plaintiff was not disabled, as defined under the regulations.

### II.     Analysis

Plaintiff takes issue with the ALJ's decision on the basis that the ALJ: (1) violated the treating physician rule; and (2) failed to account for Plaintiff's subjective complaints and pain

limitations. Because this Court agrees that remand is required under Plaintiff's first argument, it does not address Plaintiff's other arguments.

Plaintiff submitted two medical opinions, one from her treating primary care physician, Dr. Bergin, and one from her treating surgeon, Dr. Zeidman. The ALJ assigned only "some weight" to Dr. Bergin's opinion and "little weight" to Dr. Zeidman's opinion. At the time Plaintiff filed her claim for benefits, the ALJ was required to give controlling weight to the opinions of both treating physicians, so long as they were "well-supported by medically acceptable clinical and laboratory diagnostic techniques and [ ] not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(c)(2); *see also Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019). An ALJ may discount a treating physician's opinion if it does not meet this standard, but must "comprehensively set forth [his] reasons" for doing so. *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004); *see also* 20 C.F.R. § 404.1527(c)(2) (the SSA "will always give good reasons" for the weight afforded to a treating source's opinion). In doing so, they must "explicitly consider" the following, nonexclusive *Burgess* factors: "(1) the frequency, length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and (4) whether the physician is a specialist." *Estrella*, 925 F.3d at 95. An ALJ's failure to explicitly apply the *Burgess* factors when assigning weight is a procedural error. *Id.*

The ALJ failed to explicitly apply the *Burgess* factors here. Although the ALJ recognized that Doctors Bergin and Zeidman were Plaintiff's primary care physician and treating surgeon, respectively, the ALJ only superficially addressed the second and third of the four *Burgess* factors by stating that Dr. Bergin's opinion "is not supported by the treatment record," Tr. 1554, and that Dr. Zeidman's opinion is "inconsistent with the findings on examinations." *Id.*

4

The ALJ concluded that Dr. Bergin's opinion was unsupported by the treatment record. However, in his discussion of the treatment record, the ALJ cited examples of Plaintiff's condition that both supported and contradicted the treating physician's medical assessment. *See* Tr. 1554. Therefore, the ALJ's determination that Dr. Bergin's opinion was unsupported by the record was error. Essentially, in determining that Dr. Bergin's opinion was not supported by the treatment record, the ALJ replaced the doctor's medical assessment with his own lay opinion of the bare medical evidence.  That is impermissible because an ALJ is not permitted to rely on his own assessment of bare medical findings. *See generally*, *Westfall v. Comm'r of Soc. Sec.*, No. 19-CV-6473, 2020 WL 3818953, at *2 (W.D.N.Y. July 8, 2020) ("The ALJ is not qualified to assess a claimant's RFC based on the bare medical findings.").

The ALJ's discussion of Dr. Zeidman's opinion was similarly inadequate.  Simply stating that an opinion is not consistent with the overall record, without citing examples of inconsistencies or discussing the inconsistencies in the record, is an insufficient rationale for discounting the opinion of a treating physician. *See, e.g., Tuper v. Berryhill*, No. 17-CV-6288P, 2018 WL 4178269, at *5 (W.D.N.Y. Aug. 31, 2018) ("The ALJ's one-sentence explanation for discrediting [the treating physician's] opinions as all 'inconsistent with the treatment record' is far too conclusory to constitute a 'good reason' for discounting the weight given to the opinions of [plaintiff's] treating physician."); *Cabrera v. Comm'r of Soc. Sec.*, No. 16 Civ. 4311, 2017 WL 3686760, at *4 (S.D.N.Y. Aug. 25, 2017) (the ALJ's statement that the doctor's opinion was "inconsistent" with the plaintiff's activities was insufficient "good reason" to discount the opinion) (collecting cases); *Marchetti v. Colvin*, No. 13-CV-02581, 2014 WL 7359158, at *13 (E.D.N.Y. Dec. 24, 2014) ("Under the treating physician rule, an ALJ may not reject a treating physician's opinion based solely on such conclusory assertions of inconsistency with the medical record.") (collecting cases). Because the ALJ merely stated that Dr. Zeidman's opinion was inconsistent with the findings on

examinations without discussing the inconsistencies, the ALJ did not proffer a sufficient rationale for discounting Dr. Zeidman's opinion.

Not only was the ALJ's discussion of the *Burgess* factors insufficient, but the discussion was also incomplete. The ALJ failed to engage with all four of the *Burgess* factors in reaching his conclusion regarding the weight of each treating physician opinion.  *See Gunter v. Comm'r of Soc. Sec.*, 361 F. App'x 197, 199 (2d Cir. 2010) (summary order) (ALJ must explicitly consider each factor in assigning less than controlling weight to treating physician's opinion).

"If the Commissioner has not otherwise provided good reasons for its weight assignment, we are unable to conclude that the error was harmless and consequently [must] remand for the ALJ to comprehensively set forth its reasons." *Estrella*, 925 F.3d at 96. Accordingly, the decision of the ALJ must be remanded to cure this error.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings, ECF No. 6, is GRANTED, the Commissioner's motion for judgment on the pleadings, ECF No. 7, is DENIED, and the matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g).  The Clerk of Court shall enter judgment and close this case.

IT IS SO ORDERED.

Dated: July 26, 2023
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York

6